UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD LINDZON et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>DANIEL NADLER et al. ,<br><br>　　　　　　　　　　Defendants. | Case No.:  15cv828 DMS (JLB)<br><br>**NOTICE AND ORDER: (1) FOR EARLY NEUTRAL EVALUATION CONFERENCE, (2) SETTING RULE 26 COMPLIANCE AND CASE MANAGEMENT CONFERENCE** |

　　　IT IS HEREBY ORDERED that an **Early Neutral Evaluation** ("ENE") of your case will be held on **October 21, 2015**, at **1:30 P.M.** in the Chambers of Magistrate Judge Jill L. Burkhardt, Edward J. Schwartz U.S. Courthouse, 221 West Broadway, Suite 5140, San Diego, California 92101.

　　　In the event the case does not settle at the ENE, a **Case Management Conference** pursuant to Fed. R. Civ. P. 16(b) **is SET for October 21, 2015** and will be held at the conclusion of the ENE Conference.

　　　The following are **mandatory** directions for the parties preparing for the Early Neutral Evaluation Conference.  **Absent express permission obtained from this Court, and notwithstanding the pendency of any motion, counsel shall timely comply with the dates and deadlines ordered herein.**

1. **Purpose of Conference**: The purpose of the ENE Conference is to permit an informal discussion between the attorneys, parties, and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case. All conference discussions will be informal, off the record, privileged and confidential. Counsel for any non-English speaking parties is responsible for arranging for the appearance of an interpreter at the conference.

2. **Personal Appearance of Parties Required**: All parties, adjusters for insured defendants, and other representatives of a party having full settlement authority as explained below, and the principal attorneys responsible for the litigation, must be present **in person** and legally and factually prepared to discuss settlement of the case. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference. If each of the principal attorneys responsible for the litigation is not listed on the docket as an "*ATTORNEY TO BE NOTICED*," then they each shall enter their appearance on the docket as soon as practicable, but in no event later than **ten calendar days** prior to the ENE conference.

Unless there is extraordinary circumstances, persons required to attend the conference pursuant to this Order shall not be excused from personal attendance. **Requests for excuse from attendance for extraordinary circumstances shall be filed in writing at least ten calendar days prior to the conference.** Failure to appear at the ENE conference will be grounds for sanctions.

3. **Full Settlement Authority Required**: In addition to counsel who will try the case, a party or party representative with full settlement authority[1] must be present for the

---

[1] "Full settlement authority" means that the individuals at the settlement conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co. v. Joseph Oat Corp.,* 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.,* 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case

conference. In the case of a corporate entity, an authorized representative of the corporation who is not retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers). The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

   4. **ENE Statements Required**: On or before **October 12, 2015**, the parties shall lodge statements of **five pages** or less directly to the chambers of Magistrate Judge Burkhardt outlining the nature of the case, the claims, the defenses, and the parties' positions regarding settlement of the case. The settlement position must include a specific and current demand or offer addressing all relief or remedies sought. If a specific demand or offer cannot be made at the time the brief is submitted, then the reasons therefor must be stated along with a statement as to when the party will be in a position to state a demand or offer. A general statement that a party will "negotiate in good faith" is not a specific demand or offer. The statement shall also list all attorney and non-attorney attendees for the Conference, including person(s) and their title(s) or position(s) with the party who will attend and have settlement authority at the Conference.

  ENE statements shall be lodged via email at efile_burkhardt@casd.uscourts.gov. If exhibits are attached and the total submission amounts to more than 20 pages, a hard copy must also be delivered directly to chambers. **Whether these statements are submitted confidentially or whether they are served on opposing counsel is within the parties' discretion.** Statements of more than five pages will not be considered.

   5. **Submission of Magistrate Judge Consent Form**: No later than **September 22, 2015**, each party shall provide Plaintiff's counsel with an executed copy of the attached consent form, titled Notice, Consent, and Reference of a Civil Action to a Magistrate Judge.

---

may be altered during the face to face conference. *Id*. at 486. A limited or a sum certain of authority is not adequate. *See Nick v. Morgan's Foods, Inc.,* 270 F.3d 590, 595-97 (8th Cir. 2001).

Pursuant to Civil Local Rule 73.1, if (and only if) **all** parties have consented to the reference to a magistrate judge, then Plaintiff shall file the consent form(s) **in paper format** at the Clerk's Office by **October 12, 2015**.  If the paper format filing reflects consent by **all** parties, then the form(s) will be forwarded to the assigned district judge for approval.  The consent form(s) **should not be filed with the court electronically** through its Case Management/Electronic Case Filing (CM/ECF) system.  No consent form will be made available, nor will its contents be made known to any judicial officer, unless all parties have consented to the reference to a magistrate judge.  The parties are free to withhold consent without adverse substantive consequences.  Questions related to the consent form(s) should be directed only to the clerk's office at 619-557-5600.  Please do not call chambers' staff with questions related to the consent form(s).

      6.    **New Parties Must Be Notified by Plaintiff's Counsel**:  Plaintiff's counsel shall give notice of the ENE and this Order to parties responding to the complaint after the date of this notice.

      7.    **Case Management Under the Amended Federal Rules**:  The parties are ordered to comply with Fed. R. Civ. P. 26 and proceed with the initial disclosure process as follows:

    a. The Rule 26(f) conference shall be completed on or before **September 22, 2015**;

    b. The date of initial disclosure pursuant to Rule 26(a)(1)(A-D) shall occur before **October 12, 2015**;

    c. A **Joint Discovery Plan** shall be <u>filed</u> on the CM/ECF system as well as <u>lodged</u> with Magistrate Judge Burkhardt by emailing the Plan to efile_burkhardt@casd.uscourts.gov, on or before **October 12, 2015**. The Plan must be one document and must explicitly cover the parties' views and proposals for each item identified in Fed. R. Civ. P. 26(f)(3). The parties should consult both Judge Burkhardt's and the assigned District Judge's Civil Chambers Rules in drafting their Plan. A courtesy paper copy of the Plan

shall be delivered to Judge Burkhardt's Chambers if the plan with its attachments exceeds 20 pages. In addition to complying with Chambers Rules, the Plan should identify whether and what good cause (specific to this case) exists to modify the Court's tentative schedule for this case. The Court's **tentative** schedule is as follows:

   i. Filing of motions to amend pleadings and/or add parties: **November 30, 2015**;
   ii. Completion of fact and expert witness discovery: **May 20, 2016**;
   iii. The designation and service of expert witness reports: **March 21, 2016**;
   iv. The supplemental designation and service of rebuttal expert witness reports: **April 21, 2016**;
   v. The date by which dispositive motions (inclusive of any motions addressing any Daubert issues), shall be filed: **June 20, 2016**. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the District Judge;
   vi. The date for the Mandatory Settlement Conference: **June 8, 2016**; and
   vii. The date for a Pretrial Conference before the District Judge assigned to the case: **October 21, 2016**.

8. **Requests to Continue an ENE Conference**: Local Rule 16.1.c requires that an ENE take place within 45 days of the filing of the first answer. Requests to continue ENEs are rarely granted. However, the Court will consider formal, written *ex parte* or joint motions to continue an ENE conference when extraordinary circumstances exist that make a continuance appropriate. In and of itself, having to travel a long distance to appear in person is not "extraordinary." Absent extraordinary circumstances, requests for continuances **will not be considered unless filed** no less than **ten calendar days** prior to the scheduled conference.

9. **Settlement Prior to ENE Conference**: The Court encourages the parties to work on settling the matter in advance of the ENE Conference. In the event that the parties

resolve the matter prior to the day of the ENE Conference, the following procedures must be followed before the Court will vacate the ENE and excuse the parties from appearing:

    a. The parties may <u>file</u> a Joint Motion to Dismiss and separately <u>lodge</u> by email a proposed order to the assigned <u>District Judge</u>.[2] If a Joint Motion to Dismiss is filed, the Court will vacate the ENE. The parties are encouraged to contact Judge Burkhardt's Chambers by telephone to notify the Court of their pending Joint Motion;

    b. If the parties settle more than 24 hours before the conference but are not able to file a Joint Motion to Dismiss, they must file a Notice of Settlement containing the electronic signatures of counsel for all settling parties and identifying a date by which the Joint Motion to Dismiss will be filed. The parties are encouraged to contact Judge Burkhardt's Chambers by telephone to notify the Court of their filed Notice of Settlement;

    c. If the parties settle less than 24 hours before the conference, counsel for the settling parties must JOINTLY call chambers and inform the Court of the settlement **and** receive Court permission to not appear at the ENE.

After having reviewed Judge Burkhardt's Civil Chambers Rules, appropriate questions regarding this case or the mandatory directions set forth herein may be addressed to the Magistrate Judge's law clerks at (619) 557-6624. For additional information, please see Judge Burkhardt's Civil Chambers Rules.

Dated: August 25, 2015

*Jill Burkhardt*
Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[2] *See* Electronic Case Filing Administrative Policies and Procedures Manual, United States District Court for the Southern District of California § 2(h), for the chambers' official email address and procedures on emailing proposed orders.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HOWARD LINDZON et al., | Plaintiff(s) | Case No.:  15cv828 DMS (JLB) |
| v. | | **NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE** |
| DANIEL NADLER et al. , | Defendant(s) | |

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties ☐ Consent  / ☐ Do Not Consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Printed Names* | *Signatures of parties and attorneys* | *Dates* |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

## REFERENCE ORDER

**IT IS ORDERED:** This case is referred to United States Magistrate Judge Jill L. Burkhadt, to conduct all proceedings and order entry of a final judgment in accordance with 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and CivLR 73.1.

| | |
|---|---|
| Date | United States District Judge |