Christopher T. Casamassima (SBN 211280)
Allyson Fortier (SBN 287291)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 South Grand Avenue, 21st Floor
Los Angeles, CA 90071
Telephone:  213-443-5374
Facsimile:   213-443-5400

John J. Butts (MA SBN 643201) (*pro hac vice*)
Andrew S. Dulberg (MA SBN 675405) (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State St.
Boston, MA 02109
Telephone:  617-526-6000
Facsimile:   617-529-5000

Attorneys for Defendants
*Daniel Nadler and Kensho Technologies, Inc.*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD LINDZON, et al., | Case No. 15-cv-00828-DMS-JLB |
| Plaintiffs, | **DEFENDANTS' RESPONSE TO PLAINTIFFS' SUBMISSION REGARDING SUBJECT MATTER JURISDICTION** |
| vs. | |
| DANIEL NADLER, et al., | |
| Defendants. | Judge:    Hon. Dana M. Sabraw |
| | Location: Courtroom 13A |

1       Plaintiffs' recent filing reveals that there is not a complete diversity of
2  citizenship.  In asserting otherwise, Plaintiffs view Defendant Kensho
3  Technologies, Inc. solely as a citizen of Massachusetts, which is the state in which
4  Kensho has its principal place of business.  But under black letter law, a
5  corporation "shall be deemed to be a citizen of every State . . . by which it has been
6  incorporated *and* of the State . . . where it has its principal place of business."  28
7  U.S.C. 1332(c)(1) (emphasis added).  Thus, Kensho is a citizen of *both*
8  Massachusetts *and* Delaware, where it is incorporated.  *Compare* Am. Compl. ¶ 8
9  (alleging that Kensho "is a Delaware corporation") (ECF No. 14), *with* Answer ¶ 8
10  (admitting allegations) (ECF No. 21).
11      Plaintiff Social Leverage Capital Fund II, LP ("Fund II") is also a Delaware
12  citizen.  As the Ninth Circuit has recognized, the citizenship of a limited
13  partnership is coextensive with the citizenship of its partners.  *See Nugget*
14  *Hydroelectric, L.P. v. Pac. Gas and Elec. Co.*, 981 F.2d 429, 438 (9th Cir. 1992).
15  Plaintiffs' filing reveals that one of Fund II's limited partners is a Delaware
16  corporation.  *See* Decl. of Jay Rice, Ex. B at Row 70 (ECF No. 35-4).  Accordingly,
17  there is not complete diversity between the parties, which deprives this Court of
18  subject matter jurisdiction under 28 U.S.C. § 1332.  *See Kuntz v. Lamar Corp.*, 385
19  F.3d 1177, 1181 (9th Cir. 2004) ("For a case to qualify for federal jurisdiction
20  under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between
21  the parties opposed in interest.").
22      Although further inquiry is unnecessary, Plaintiffs' filing is inadequate to
23  determine whether there are additional citizenship issues that would deprive this
24  Court of diversity jurisdiction.  As with limited partnerships, "an LLC is a citizen
25  of every state of which its owners/members are citizens."  *Johnson v. Columbia*
26  *Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Plaintiffs have not
27  identified the members of Plaintiff Social Leverage LLC and their citizenship.  Nor
28  have they identified the members (and citizenship) of the eight LLCs that are

limited partners of Plaintiff Social Leverage Capital Fund I or the eighteen LLCs that are limited partners of Plaintiff Fund II.

Similarly, the limited partners of Fund I includes seven trusts; Fund II includes *thirty-one* trusts.  This Court has held that "the citizenship of both the trustee and beneficiary should control in determining the citizenship of a trust." *PDP La Mesa LLC v. LaSalle Med. Office Fund II*, 2010 WL 3988598, at *3 (S.D. Cal. Oct. 12, 2010).  However, Plaintiffs' submission does not identify the trustees and beneficiaries of each trust, let alone identify their citizenship.

If any one of those LLC members, trustees, or beneficiaries shares a citizenship with one of the defendants, it would in turn mean that the relevant plaintiff shares a citizenship with that defendant.

Dated:   November 6, 2015          /s/ *Christopher Casamassima*
                                   Christopher T. Casamassima (SBN 211280)
                                   John J. Butts (MA Bar No. 643201)
                                   Andrew S. Dulberg (MA Bar No. 675405)
                                   Allyson Fortier (SBN 298291)
                                   WILMER CUTLER PICKERING
                                     HALE AND DORR LLP

                                   Attorneys for Defendants Kensho
                                   Technologies, Inc. and Daniel Nadler

Defendants' Response To Plaintiffs' Submission Regarding Subject Matter Jurisdiction
*Lindzon et al. v. Nadler et al.*, No. 15-cv-00828 (DMS)

# CERTIFICATE OF SERVICE

I hereby certify that I am a partner at Wilmer Cutler Pickering Hale and Dorr LLP. My business address is 350 S. Grand Ave., Suite 2100, Los Angeles, CA, and I am over the age of eighteen years and not a party to the above-titled action. I certify that on November 6, 2015, I served the following documents:

1. DEFENDANTS' RESPONSE TO PLAINTIFFS' SUBMISSION REGARDING SUBJECT MATTER JURISDICTION

The documents were served by electronic means via the Court's CM/ECF system to those on the Court's Electronic Mail Notice List who are currently signed up to receive e-mail notices for this case:

- Ashley D. Posner
  ashleyposner@gmail.com

- Jay J. Rice
  jrice@nagelrice.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: November 6, 2015               *s/ Christopher Casamassima*
                                     Christopher T. Casamassima